UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALLISON NUNN,

    Plaintiff,

v.                               Case No.:

TRADER JOE'S EAST, INC,

    Defendant.

_____/

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, ALLISON NUNN, hereby sues Defendant, TRADER JOE'S EAST, INC., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under 42 U.S.C. §12101, et seq., the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. This is an action involving claims which are, individually, in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of costs and interests.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, ALLISON NUNN, was a resident in the state of Florida, and was employed by Defendant in the Tallahassee,

Florida. Plaintiff is a member of a protected class due to her disability and was the victim of retaliation.

4. At all times pertinent hereto, Defendant, TRADER JOE'S EAST, INC., has been authorized to conduct business in the state of Florida. For purposes of this action, Defendant is an "employer" as the term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, Allison Nunn ("Plaintiff" or "Ms. Nunn"), was hired by Defendant, Trader Joe's East, Inc. ("Defendant" or "Trader Joe's"), in 2015 at the company's store in Tallahassee, Florida. At the time of Ms. Nunn's hiring, Defendant was aware that she suffers from Asperger Syndrome.

7. For the vast majority of Ms. Nunn's employment, her medical condition was not an issue with Defendant, and she received positive reviews for her work from her supervisors.

8. Defendant initially accommodated Ms. Nunn's disability and permitted her to take short breaks whenever she had a sensory overload; where social interactions made her feel overwhelmed or anxious during the course of performing her duties. As Defendant assigned Ms. Nunn additional responsibilities, these breaks became more important to her as they helped her work through the limitations of her disability.

9. Defendant also initially permitted Ms. Nunn to have a special clipboard and checklist which would help her organize job duties and responsibilities when she felt overwhelmed or anxious during her shift.

10. Defendant eventually assigned a new manager, Jessica Bargo, to supervise Ms. Nunn. Ms. Bargo immediately became critical of areas of Ms. Nunn's work related to social interactions and communications with customers and co-workers. Defendant, through Ms. Bargo, ultimately took away the accommodations Defendant had originally made for Ms. Nunn which consequently made doing her job substantially more difficult.

11. Around this time, Ms. Nunn requested Defendant to meet with an autism specialist from the Center for Autism and Related Disorders in order for Defendant to better understand her medical condition and the benefits of the recently removed accommodations. However, Defendant declined to reinstate Ms. Nunn's previous accommodations.

12. In or around April 2019, Ms. Nunn met with Defendant following negative evaluations that criticized her job performance due to limitations her medical condition imposes on her. During this meeting, Ms. Nunn complained to Defendant about the treatment she was receiving due to her disability and again requested her previous accommodations be reinstated.

13. On or around May 30, 2019, Ms. Nunn was terminated by Defendant. In support of this, Defendant cited Ms. Nunn's difficulty with social interactions with customers.

## Count I – ADA Disability Discrimination

14. Paragraphs 1-13 are realleged and incorporated herein by reference.

15. This is an action against Defendant for discrimination based upon disability brought under the Americans with Disabilities Act ("ADA") as amended, in that Defendant denied Plaintiff equal benefits and rights because of her disability.

16. Plaintiff's disability impaired and substantially limited one or more major life activities, and Defendant regarded Plaintiff has having such an impairment.

17. Plaintiff was a qualified individual in that she was able to perform the essential functions of her job with reasonable accommodation.

18. Defendant terminated Plaintiff for having an actual disability, as well as a disability perceived by Defendant.

19. Defendant is liable for violating the ADA because it controlled the actions and inactions of the individuals making decisions concerning Plaintiff's employment and ratified such conduct.

20. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, lost benefits, illness, lost wages, and other tangible and intangible damages. The damages are continuing and permanent. Plaintiff is entitled to injunctive/equitable relief, as well as punitive damages.

**Count II – ADA Disability Discrimination (Failure to Accommodate)**

21. Paragraphs 1-13 are realleged and incorporated herein by reference.

22. This is an action against Defendant for discrimination based upon disability brought under the ADA, as amended, in that Defendant failed to accommodate Plaintiff's disability.

23. Plaintiff's accommodation requests were reasonable and did not impose a substantial burden or undue hardship on Defendant.

24. Defendant refused to provide Plaintiff an accommodation notwithstanding her request being reasonable and despite the fact that she had successful performed the functions of her job while the accommodations were previously in place.

25. Defendant is liable for violating the ADA because it controlled the actions and inactions of the individuals making decisions concerning Plaintiff's accommodation requests and ratified such conduct.

26. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, lost benefits, illness, lost wages, and other tangible and intangible damages. The damages are continuing and permanent. Plaintiff is entitled to injunctive/equitable relief, as well as punitive damages.

### Count III – FCRA Disability Discrimination

27. Paragraphs 1-13 are realleged and incorporated herein by reference.

28. This is an action against Defendant for discrimination based upon disability brought under the Florida Civil Rights Act and Chapter 760, Florida Statutes ("FCRA") in that Defendant denied Plaintiff equal benefits and rights because of her disability.

29. Plaintiff's disability impaired and substantially limited one or more major life activities, and Defendant regarded Plaintiff has having such an impairment.

30. Plaintiff was a qualified individual in that she was able to perform the essential functions of her job with reasonable accommodation.

31. Defendant terminated Plaintiff for having an actual disability, as well as a disability perceived by Defendant.

32. Defendant is liable for violating the FCCRA because it controlled the actions and inactions of the individuals making decisions concerning Plaintiff's employment and ratified such conduct.

33. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, lost benefits, illness, lost wages, and other tangible and intangible damages. The damages are continuing and permanent. Plaintiff is entitled to injunctive/equitable relief, as well as punitive damages.

**Count IV - FCRA Disability Discrimination (Failure to Accommodate)**

34. Paragraphs 1-13 are realleged and incorporated herein by reference.

35. This is an action against Defendant for discrimination based upon disability brought under the FCRA, in that Defendant failed to accommodate Plaintiff's disability.

36. Plaintiff's accommodation requests were reasonable and did not impose a substantial burden or undue hardship on Defendant.

37. Defendant refused to provide Plaintiff an accommodation notwithstanding her request being reasonable and despite the fact that she had

successful performed the functions of her job while the accommodations were previously in place.

38. Defendant is liable for violating the ADA because it controlled the actions and inactions of the individuals making decisions concerning Plaintiff's accommodation requests and ratified such conduct.

39. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, lost benefits, illness, lost wages, and other tangible and intangible damages. The damages are continuing and permanent. Plaintiff is entitled to injunctive/equitable relief, as well as punitive damages.

### Count V – Intentional Infliction of Emotional Distress

40. Paragraphs 1-13 are realleged and incorporated herein by reference.

41. Defendant's conduct described herein was outrageous, willful, reckless, and/or intentional.

42. Defendant intended to cause Plaintiff to suffer emotional distress and the accompanying physical symptoms.

43. Plaintiff suffered severe emotional distress and the outrageous, reckless, willful, and/or intentional conduct of Defendant was the cause of the emotional distress and the accompanying physical symptoms suffered by Plaintiff.

44. Defendant's outrageous, reckless, and/or intentional conduct constitutes intentional infliction of emotional distress, entitling Plaintiff to compensatory and punitive damages in amounts to be ascertained at trial. The damages are continuing and permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process be issued, and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, and any other equitable relief available to Plaintiff;

(c) order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices;

(d) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant's violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 16th day of February 2021.

                                           Respectfully submitted,

                                           /s/ *Matthew D. MacNamara*
                                           Matthew D. MacNamara (#113002)
                                           SCOTT & WALLACE, LLP
                                           209 E. Brevard Street
                                           Tallahassee, Florida 32301
                                           Telephone: (850) 222-7777
                                           Facsimile: (850) 222-7778
                                           matt@scottandwallacelaw.com
                                           Attorney for Plaintiff